J-S27041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FLOYD WRIGHT, | : | |
| | : | |
| Appellant | : | No. 2106 EDA 2017 |

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001260-2011,
CP-51-CR-0003935-2009, CP-51-CR-0012229-2013

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                 **FILED AUGUST 15, 2018**

Appellant, Floyd Wright, appeals from the June 1, 2017 Order entered in the Philadelphia County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On November 26, 2013, Appellant, represented by Alison Lipsky, Esq., entered a counseled open guilty plea at docket No. CP-51-CR-0012229-2013 to Escape.[1] That same day, the trial court sentenced Appellant to 1½ to 3 years' incarceration.  Because of the Escape conviction, Appellant directly violated his probation for two prior cases docketed at Nos. CP-51-CR-

_____

[1] 18 Pa.C.S. § 5121.

0003935-2009 and CP-51-CR-0001260-2011.[2] Thus, immediately after imposing sentence for the Escape conviction, the trial court, sitting as the violation of probation ("VOP") court, revoked Appellant's probation and sentenced him to a consecutive term of 1 to 2 years' incarceration on the 2009 case and a consecutive term of 1½ to 3 years' incarceration on the 2011 case. The trial court, thus, imposed an aggregate term of 4 to 8 years' incarceration.

Appellant did not file a direct appeal in any of the cases. Thus, the Judgments of Sentence became final 30 days later on December 26, 2013.

On November 20, 2014, Appellant filed a *pro se* PCRA Petition addressing all three cases.[3] Following the appointment of counsel, Appellant filed an amended Petition challenging the effective assistance of Appellant's plea counsel and the voluntariness of his guilty pleas in all three cases based on counsel's ineffectiveness.[4] The PCRA court appointed counsel, who filed an

_____

[2] In the 2009 case, Appellant pled guilty to Criminal Trespass and Simple Assault, 18 Pa.C.S. §§ 3503 and 2701, respectively, and the court sentenced him to 11½ to 23 months' incarceration, followed by 4 years' probation. In the 2011 case, Appellant pled guilty to Possession with Intent to Deliver ("PWID"), 35 P.S. § 780-113(a)(30), and the court sentenced him to 11½ to 23 months' incarceration, followed by 5 years' probation. Those Judgments of Sentence were final on November 25, 2009, and August 20, 2012, respectively.

[3] The certified record indicates that Appellant filed the identical typewritten *pro se* Petition in all three dockets, with the copies of the Petition attached to each case having a hand-drawn line through the other two docket numbers.

[4] Attorney Lipsky did not represent Appellant at his 2009 and 2011 proceedings.

amended PCRA Petition on January 6, 2017.[5]  Counsel asserted that Appellant timely filed his *pro se* PCRA Petition in all cases because he had until December 26, 2014, since his November 26, 2013 Judgments of Sentence became final on December 26, 2013.

Substantively, Appellant averred, *inter alia*, "that he was told that he would receive a sentence of one and one-half (1-1/2) to four (4) years and be boot camp eligible and that, if he was not to receive boot camp on the lead charge, to wit, the 2011 case, he would receive concurrent time for all three charges. He did NOT receive boot camp and did NOT receive concurrent time." Appellant's Letter Brief, dated 1/6/17, at 6.  Appellant claimed that he was entitled to an evidentiary hearing because the PCRA court could only resolve the issue based on a credibility determination about testimony from Appellant and his plea counsel Alison Lipsky, Esquire.

---

[5] Counsel asserted in the Amended PCRA Petition that Appellant "struck the escape matter and CP-51-CR-0012229-2013 and, hence, is not proceeding on that herein." ***Id***. at 2.  However, the sole argument in the Amended PCRA Petition pertains to Appellant's 2013/VOP Proceedings and Attorney Lipsky's representation.  Because Attorney Lipsky represented Appellant in the 2013 Escape case, we conclude PCRA counsel erred in concluding that Appellant abandoned his challenge to the Escape case.

After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on June 30, 2017.[6]

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the Honorable PCRA Court err when it dismissed the [Appellant's] Amended Petition without a hearing and all where [Appellant] properly pled, and would have been able to prove, that he was entitled to PCRA relief?

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

---

[6] In the 907 Notice, the PCRA court opined that Appellant's "petition is untimely filed and does not invoke a valid exception to the timeliness provision of the Post Conviction Relief Act." 907 Notice, filed 4/28/17, at 1. The PCRA court did not address the underlying merits of Appellant's claims regarding the voluntariness of his guilty pleas.

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's 2013 Judgments of Sentence became final on December 26, 2013, upon expiration of the time to file a direct appeal. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3). In order to be timely, Appellant needed to submit his PCRA Petition by December 26, 2014. **Id**. Appellant filed this PCRA Petition on November 20, 2014. Thus, his PCRA Petition was timely with respect to the 2013 proceedings, which included his guilty plea to Escape and his VOP proceedings for the 2009 and 2011 cases.

However, with respect to Appellant's challenge to the voluntariness of his 2009 and 2011 guilty pleas, Appellant's November 20, 2014 PCRA Petition was untimely by four years and one year, respectively. He did not plead or prove a relevant timeliness exception. Thus, we agree with the PCRA court, in part, and we will not address those underlying plea proceedings. *See* PCRA Court Opinion, 8/3/17, at 3. Moreover, we note that Attorney Lipsky did not represent Appellant in those proceedings, so Appellant's arguments in his Amended PCRA Petition did not address those earlier proceedings.

We, thus, address only Appellant's limited claim with respect to his 2013 open guilty plea to Escape. Appellant's sole issue in this appeal challenges the effective assistance of plea counsel because counsel purportedly misinformed him of the terms of the plea, which Appellant claims unlawfully induced his plea. Appellant asserts "that he was told that he would receive a sentence of one and one-half (1-1/2) to four (4) years and be boot camp eligible and that, if he was not to receive boot camp on the lead charge, to wit, the 2011 case, he would receive concurrent time for all three charges. He did NOT receive boot camp and did NOT receive concurrent time." Amended PCRA Petition, Letter Brief at 6. Appellant challenges the PCRA court's dismissal of his claim without an evidentiary hearing.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy

- 6 -

this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002).

Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea." **Fears**, 86 A.3d at 806-07 (citation omitted). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant's underlying claim is without merit. Appellant acknowledged on the record that he was entering an open guilty plea with no agreement with the Commonwealth regarding the sentences for his new conviction or the VOP revocations, his eligibility for boot camp, or whether his sentences would be imposed consecutively or concurrently. **See** N.T., 11/26/13, at 17, 20. Additionally, Appellant acknowledged on the record that he was not induced

or coerced into pleading guilty. *See id.* at 20-21. He also acknowledged on the record that he was satisfied with the representation of his attorney. *See id.* at 21. Appellant never mentioned counsel's purported promises regarding his sentence during the hearing. Further, Appellant acknowledged that the totality of the circumstances surrounding Appellant's plea demonstrated that it was knowingly and voluntarily entered. *See id.* at 3-40.

Appellant is bound by his statements made at the plea colloquy under oath, and "he may not now assert[] grounds for withdrawing the plea which contradict the statements." *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citation omitted). Moreover, our review of the record supports the PCRA court's conclusion that Appellant's plea was knowing, voluntary, and intelligent. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18